

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-37,923-02

### EX PARTE COREY DEMETRIUS KELLY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR93-261B IN THE 235TH DISTRICT COURT
### FROM COOKE COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated robbery and sentenced to forty-five years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

In several grounds, Applicant alleges he was released to parole, but has been held in the Denton County Jail for over 180 days following a decision to place him in a substance abuse felony punishment facility (SAFPF), presumably in lieu of revoking his parole. Applicant has alleged facts that, if true, might entitle him to relief. TEX. GOV'T. CODE § 508.283(e). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Board of Pardons and Paroles's Office of the

General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is currently confined, and if so, set forth the legal basis for the confinement. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Copies of this order shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Filed: January 13, 2021
Do not publish